## ROBERT E. DIMEO v. BURNS, BROOKS & MCNEIL, INC., ET AL.
### (3756)

HULL, BORDEN and DALY, Js.

Argued December 11, 1985—decision released February 18, 1986

*Herbert Watstein,* for the appellant (plaintiff).

*Joseph T. Sweeney,* with whom, on the brief, was *Nancy L. Thomas,* for the appellees (defendants).

BORDEN, J. The plaintiff appeals from a judgment rendered by the trial court upon the jury's verdict for the defendants. The issues involve the adequacy of the court's instructions to the jury defining the duties owed by an insurance agent to her client regarding uninsured motorist insurance coverage. We find no error.

Certain facts were not in dispute: The plaintiff was a homeowner's insurance customer of the named defendant, an insurance agency. The individual defendant, Carole A. Reynolds, was an insurance agent employed by the agency. In early July, 1980, the plaintiff met with Reynolds at the agency's office to purchase automobile insurance. The result of that meeting was that the plaintiff increased his automobile liability insurance from $100,000 to $300,000, but left his uninsured motorist coverage at $20,000 per person. In December, 1980, the plaintiff was involved in a serious motor vehicle accident caused by the negligence of an uninsured motorist. The value of the plaintiff's losses due to that accident clearly exceeded $20,000.

The plaintiff sued the defendants, claiming that they were negligent in one or more of the following ways: (1) they underinsured the plaintiff with respect to uninsured motorist coverage by failing to offer and obtain $300,000 of such coverage, which was the amount necessary for reasonably adequate coverage; (2) they failed to advise the plaintiff to obtain uninsured motorist coverage in that amount, and negligently provided him with only $20,000 of such coverage; and (3) they negligently informed him that his uninsured motorist coverage had been raised to $300,000. The central fac-

tual dispute at the trial revolved around the conversation between the plaintiff and Reynolds. The plaintiff testified that, after he agreed to the recommendation of Reynolds to increase his liability coverage from $100,000 to $300,000, she told him that he could leave his other coverages as they were, which he did. Reynolds testified that she explained uninsured motorist coverage to the plaintiff and recommended that he increase his coverage to $300,000, but that he rejected her recommendation and declined to do so. Both Reynolds and John H. Ellen, an insurance consultant, testified that $300,000 would have been a reasonably adequate amount of uninsured motorist coverage for the plaintiff. After the jury returned a verdict for the defendants, the court denied the plaintiff's motion to set aside the verdict.

On appeal the plaintiff raises three claims of error pertaining to the court's failure to charge the jury in accordance with his requests to charge on the defendants' duties, as skilled professionals, to the plaintiff. A fourth claim is that the court gave a misleading and confusing instruction on the factors to be used in evaluating the defendants' conduct. A fifth claim is that the court inadequately instructed the jury that the plaintiff need only prove one of his three claims of negligence in order to recover. Our comparison of the plaintiff's claims with the court's instructions convinces us that the instructions come well within the " ' "familiar principle" that jury instructions need not be exhaustive or perfect so long as they, considered in their entirety, are legally correct, adapted to the issues, sufficiently clear for the jury's guidance and fairly present the case to the jury without injustice to either party.' " *Patrick* v. *Burns,* 5 Conn. App. 663, 671, 502 A.2d 432 (1985). We do not subject the charge to a "microscopic examination seeking technical flaws, [or] inexact, inad-

vertent or contradictory statements." (Citations omitted.) *Carfora* v. *Globe, Inc.,* 5 Conn. App. 526, 530, 500 A.2d 958 (1985).

Two of the plaintiff's three requests to charge were essentially as follows. (1) An insurance agent has special knowledge and skill, and has a duty to advise his client about the kinds and extent of the appropriate coverage. The client ordinarily looks to his agent and relies on the agent's expertise. If the defendants held themselves out as professional insurance counselors, they were required to use that skill so as not to sell the plaintiff only $20,000 of uninsured motorist coverage. (2) The defendants had the duty to provide the plaintiff with complete and full information about the insurance they were selling him, to use reasonable care to give him this information so that he would understand it, and to inform him fully about the meaning and benefits of all coverages. We conclude that the court fully and properly covered the substance of the issues raised by these requests.

An insurance agent has the duty to exercise reasonable skill, care and diligence to see that his client has proper coverage. *Todd* v. *Malafronte,* 3 Conn. App. 16, 22, 484 A.2d 463 (1984). " 'Where he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with *reasonable* care the duty he has assumed . . . .' " (Emphasis in original.) Id.

The court instructed the jury that selling insurance is a specialized field with specialized knowledge and experience, and that an agent has the duties to advise the client about the kind and extent of desired coverage and to choose the appropriate insurance for the client. The court told the jury that the client ordinarily looks to his agent and relies on the agent's expertise in placing his insurance problems in the agent's hands.

The court instructed the jury that, if the agent performs these duties negligently, he is liable therefor, just as other professionals are. The court also instructed that the standard of care is not that of ordinary negligence but the knowledge, skill and diligence of insurance agents in Connecticut in July, 1980, in similar cases. The court further instructed the jury, on the basis of the expert testimony produced in the case through Reynolds and Ellen, that an agent has the duty to explain uninsured motorist coverage, to explain the consequences of not having a sufficient amount of such coverage, to recommend the proper amount, and to attempt to procure that amount and offer it to the client. The court concluded this part of the charge by instructing the jury that the proper amount of coverage in this case would have been $300,000. These instructions were legally correct, adapted to the issues in the case, and clearly and fairly presented the case to the jury. *Patrick* v. *Burns,* supra.

The plaintiff's third claim of error involves his request to charge that since the defendants were the plaintiff's insurance agents, he was entitled to place his trust and confidence in them, and that they were obligated to use the utmost good faith, loyalty and honesty toward him. While such a charge might be required in an appropriate case, we see no occasion for it here. As we noted above, the trial court did charge the jury fully on the plaintiff's right to rely on the defendants' expertise, and on their duty to advise him properly about his insurance needs. There was no evidence in this case suggesting bad faith, disloyalty or dishonesty by the defendants toward the plaintiff. The court's obligation is to frame its instructions so as to be adapted to the issues which are in the case. *Patrick* v. *Burns,* supra. It should refrain, as it properly did here, from addressing issues which are not in the case.

The plaintiff's fourth claim of error involving his requests to charge is that the court misled the jury by its instructions regarding the factors to be used in deciding whether the defendants breached their duties to the plaintiff. The plaintiff acknowledges that the court properly charged that the standard of care applicable to the defendants required that they explain uninsured motorist coverage, explain the consequences of having an insufficient amount of such coverage, recommend the proper amount, and offer that amount, which in this case would have been $300,000. The plaintiff quarrels, however, with the fact that the court, after reviewing the evidence, referred back to this instruction by summarizing it as follows: "If you believe that the defendant, Mrs. Reynolds, explained uninsured motorist coverage to Mr. Dimeo, and if you believe that she recommended that he buy [$300,000] of uninsured motorist coverage, then she was not negligent and you should find in this case for the defendant. On the other hand, if you believe that she did not explain uninsured motorist coverage to Mr. Dimeo, if you believe that she did not recommend the increase in limits of the uninsured motorist coverage to [$300,000], then she was negligent and you should find in this case the issues for the plaintiff."

We cannot find that this summary misled the jury into disregarding the more complete legal statement given by the court earlier in its charge. As the evidence had developed in the case, both sides agreed that the applicable standard of care required that the defendants recommend and offer $300,000 of uninsured motorist coverage to the plaintiff. The plaintiff's testimony was that this amount of coverage was not recommended or offered. The testimony of Reynolds was that it was explained and recommended, and that the plaintiff declined it. The court's charge did no more than point the jury to the central remaining factual

issue in the case, reminding them in the process, however, that it was their recollection of the evidence, not the court's, that should control. We do not believe that the jury is likely to have understood that the court, in using the words, "explained," and "recommended," meant for the jury to disregard the more complete explanation of these factors which the court had given to the jury earlier in its instructions.

The plaintiff's final claim of error is that the court inadequately instructed the jury that the plaintiff was required to prove only one of his three specifications of negligence, rather than all three. This argument is without merit. On four separate occasions the trial court clearly instructed the jury that the plaintiff only needed to prove any one of the three allegations of negligence. The plaintiff's claim seeks to subject the court's charge to microscopic scrutiny. *Carfora* v. *Globe, Inc.,* supra, 530.

There is no error.

In this opinion the other judges concurred.