[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This memorandum relates to a third party complaint wherein the defendant third party plaintiffs allege negligence and breach of contract against the third party defendants.
The plaintiff, Mary DeAngelis, and her husband had for several years purchased their automobile insurance from the defendants, Beardsley, Brown Bassett through their agent, Ronald Lesko. In 1986 they purchased an umbrella policy through Mr. Lesko in the amount of $1,000,000.00. The policy required minimum coverage of $250,000.00 on all vehicles covered and owned by persons residing within the household at the time of applying for the excess coverage policy, i.e., (umbrella). The defendants forwarded Mr. and Mrs. DeAngelis a questionnaire to be filled out. They filled out the same to the best of their ability and CT Page 14348 returned it to Beardsley, Brown Bassett care of Mr. Lesko. Several of the questions were left blank or incomplete. Nevertheless, the policy was issued and renewed several times. At no time was there any discussion other than the initial request by Mr. DeAngelis relating to the coverage.
In 1986, Mary Ellen DeAngelis, the daughter, purchased a Volkswagen with the assistance of Mrs. DeAngelis. Title to the Volkswagen was in both their names. Insurance was obtained from Beardsley, Brown Bassett. A policy was issued in the amount of $100,000.00. At no time was any mention made of an umbrella policy and its limitation on coverage. The policy was renewed several times and still no mention was made of any limitation on the umbrella policy even though Mrs. DeAngelis was an owner of the Volkswagen as well as a beneficiary of the umbrella policy.
In 1991, the Volkswagen was in an accident wherein the plaintiff in the underlying action, Katherine Sipos, suffered serious personal injuries. Suit was brought against the driver and owner. It was only then that the plaintiffs, Mr. and Mrs. DeAngelis, became aware of the gap in their policy.
As a result of the underlying suit and the gap in their insurance coverage, Mr. and Mrs. DeAngelis have filed this third party complaint alleging negligence and a breach of contract on the part of the third party defendants, Ronald Lesko and Beardsley, Brown Bassett.
An insurance broker ". . . owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss. 2 Couch S. 481, 3 C.J. p. 1088. Where he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed, and he may be held liable for loss properly attributable to his default. The principal may sue either for breach of the contract or in tort for breach of duty imposed by it." Elam Smithdeal Realty Ins. Co, 182 N.C. 599,602, 100 S.E. 632, 18 A.L.R. 1210 and cases cited; Todd v.Malafronte, 3 Conn. App. 16, 22; Dimeo v. Burns, Brooks McNeil,Inc., 6 Conn. App. 241, 244.
"The standard of care is not that of ordinary negligence but CT Page 14349 the knowledge, skill, and diligence of insurance agents in Connecticut in July 1990 in similar cases." Dimeo v. Burns,Brooks McNeil, Inc., supra, 245.
"An insurance policy is a contract and the risks covered by the policy are determined by the intention of the parties as manifested in the contract. A person bargains for a certain protection when taking out insurance and, the insurance broker, for a consideration, agrees to furnish the protection." Ryiz v.Federal Insurance Co., 5 Conn. App. 179, 183; Fogarty Fidelityand Casualty Co., 120 Conn. 296, 302-303, 180 A. 458 (1935).
At the time the Volkswagen Golf was first insured there is little or no evidence as to how the $100,000.00 amount of coverage came about. The testimony of Mr. DeAngelis that he did not think about it only that the car would be covered by the appropriate amount of insurance. He did not specifically request $100,000.00 of coverage and, historically, he had never owned a car which was insured for that little an amount.
Checks were issued for claims that were made on the Volkswagen policy. They were issued to Mr. and Mrs. DeAngelis even though the daughter had written complaining of this procedure.
The plaintiffs had been dealing with Mr. Lesko and Beardsley, Brown Bassett since the middle seventies. At no time did they ever request that a policy be issued to insure an auto for $100,000.00. The other vehicles owned by them were insured for $250,000.00. Lesko and Beardsley, Brown Barrett were aware of the umbrella policy and its limitations. The policies were renewed year in and year out.
Beardsley, Brown Bassett issued the umbrella policy despite the fact that the questionnaire was incomplete. No further inquiry was made.
All of the insurance policies and their renewals were left in the hands of Mr. Lesko and Beardsley, Brown Bassett. They in turn were totally familiar with the DeAngelis situation. They knew of the umbrella policy and its limitations. Nevertheless, they issued the policy for $100,000.00, leaving the plaintiff exposed as to liability in the a amount of $50,000.00.
The court finds that the defendants, Lesko and Beardsley, CT Page 14350 Brown Bassett, were negligent in issuing the policy for $100,000.00, thus leaving a gap of $50,000.00 in their clients' coverage.
The defendants filed a special defense alleging that the plaintiffs DeAngelis were contributorily negligent in the handling of their insurance. This the court finds to be so. While they may have been confused over some of the questions on the questionnaire, they made no effort to resolve their confusion with the defendants. The declarations that were sent to them annually were never examined but were merely filed away. Percentage-wise, the court finds the plaintiffs' negligence to be 45% of the gap that occurred in their coverage or $22,500.00. Judgment may enter for the plaintiffs in the amount of $27,500.00.
The Court
By Curran, J.