[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4010-VVV
The plaintiff brings this action against the defendant to recover the cost of repairs to her 1992 Nissan Sentra automobile in the amount of $2,963.28, arising out of a motor vehicle accident that occurred on May 17, 1994, as well as rental car expenses in the amount of $1,786.79, incurred during the time period that her vehicle was out of service. The plaintiff acknowledges that the motor vehicle accident that caused the damages was her own fault, but she alleges that the defendant, who sold her an automobile insurance policy on the vehicle, "failed and neglected to advise and inform the plaintiff that the insurance policy applied for and received from Colonial Penn Insurance Company did not have collision coverage."
Most of the facts are not in dispute. The plaintiff is a hairdresser with a high school education and one year of college. She is 35 years of age and has been driving for the past nineteen years. The defendant is a licensed insurance agent employed by Allstate. His employment agreement with Allstate permits him to sell not only Allstate policies, but also policies written by other insurers when an applicant for insurance is a member of the assigned risk pool.
Prior to April of 1994, the plaintiff had obtained an Allstate policy for her Nissan Sentra from the defendant. That policy lapsed in October of 1993, however, because the plaintiff failed to pay premiums. When she sought to renew her coverage in April of 1994, it became clear that her driving history would render prohibitive the cost of a new policy comparable to the lapsed policy. The defendant presented the plaintiff with a quotation for a Colonial Penn Insurance Company policy that included the basic minimum coverage, plus collision/comprehensive with a $500 deductible. At approximately $2,600 per year, however, the plaintiff felt that she could not afford this policy. The defendant then calculated the cost of the same coverage but without the collision/comprehensive coverage, and this came to approximately $1,300. The plaintiff signed an application for this coverage on which the boxes regarding collision and comprehensive insurance were unchecked. In late April or early May, the plaintiff received the insurance policy, which did not provide collision coverage, although she acknowledges that she did not open the envelope containing the policy until after May 17, 1994, the date on which the accident CT Page 4010-WWW occurred.
Because the policy did not provide collision coverage, the plaintiff has had to expend funds to repair the vehicle and to provide a rental vehicle during the time period that repairs were being made. It is not disputed that the plaintiff's total loss is $4,755.07.
"An insurance agent has the duty to exercise reasonable skill, care and diligence to see that his client has proper coverage. . . . [W]here he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed." Dimeo v. Burns, Brooks McNeil, Inc., 6 Conn. App. 241,244 (1986). This includes the duty to "advise the client about the kind and extent of desired coverage and to choose the appropriate insurance for the client." Id. at 244.
The plaintiff has testified that the defendant did not advise her that the policy for which she applied and which she in fact received did not contain collision coverage. She has testified that throughout this process, she believed she was receiving "full coverage". She also claims that she did not understand the meaning of "collision coverage" and was not even familiar with the term until after the accident had occurred. The defendant testified that he explained to the plaintiff that the policy for which she eventually applied did not include collision coverage and that it was the elimination of that coverage that brought the premium down to a price level that she felt that she could afford.
Although the plaintiff testified that the defendant never specifically advised her that her policy did not include collision coverage, her actual recollection of the events surrounding her application for and receipt of the policy was somewhat hazy. In contrast, the defendant's testimony appeared more certain and was better documented. In particular, defendant's Exhibit A, the initial quotation for the Colonial Penn policy that included collision coverage, also included handwritten calculations in the margin demonstrating that the revised quotation included the same liability, property damage and basic reparations coverage that was in the original, but with the premium for collision coverage excluded. The application form itself quite clearly omitted collision coverage, and the actual policy, had the plaintiff bothered to open the envelope and CT Page 4010-XXX review it, also quite clearly omitted collision coverage.
The plaintiff has also claimed that the defendant had an obligation to inquire as to whether the plaintiff owned the vehicle outright or whether a lienholder existed. The defendant testified that it was his practice to inquire about whether there was a lienholder but that he was not aware that there was a lien at the time of the plaintiff's April 1994 application for insurance. Although the plaintiff alleges that the defendant had a duty to explain with some specificity the consequences of not having collision insurance when a lienholder is involved, the plaintiff provided no expert testimony on this issue and has directed the court to no authority on the basis of which the court could conclude that the defendant had such a specific duty.
Based on the above findings of fact and conclusions of law, the plaintiff has failed to sustain her burden of proving by a fair preponderance of the evidence that the defendant failed and neglected to advise and inform her that the policy did not have collision coverage. Additionally, the court finds that the defendant did not breach any duty to the plaintiff in connection with his handling of the issue of the existence of a lienholder.
Judgment will therefore enter in favor of the defendant.
Jonathan E. Silbert, Judge