[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#104)
On January 27, 1999, the plaintiff, Laurie Baroni, personally and as executrix for the estate of her late husband, John Baroni, filed a six count complaint against the defendants.[1] Ms. CT Page 13124 Baroni alleges that defendant Western Reserve Life Assurance Company of Ohio (Western) failed to pay death benefits due under a life insurance policy conditionally issued to Mr. Baroni (count one — breach of contract); she also alleges that based on the representations of Western's agent, Western cannot now deny the coverage (count two — estoppel); further, the plaintiff claims that Western violated the provisions of General Statutes § 38a-815 et. seq., the Connecticut Unfair Insurance Practices Act (CUIPA) (count three — CUIPA); and, lastly, that Western and/or its agent, Larson, acted negligently (count four — negligence).
Western filed a motion to strike counts two, three and four on April 18, 1999, along with a memorandum of law. The plaintiff filed an objection and an accompanying memorandum of law on May 19, 1999.
For the reasons discussed below, the court grants the defendant's motion to strike count three (CUIPA) and denies the motion to strike counts two (estoppel) and four (negligence) of the plaintiffs complaint.
 Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e operate in accordance with well established principles. . . . [W]e must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270-71, 709 A.2d 558 (1998).
 Discussion
I. Estoppel
The defendant argues that the equitable principles of estoppel cannot create coverage where none exists. In response, the plaintiff claims that she does not wish to create or extend coverage, rather she is seeking to enforce the coverage bargained for and that, based on the representation's of Western's agent, CT Page 13125 were in force at the time of her husband's death.
Two essential elements must be alleged to support a claim of estoppel: "the party against whom estoppel is claimed must do or say something calculated or intended to induce another to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) In re David W., 52 Conn. App. 576, 586, ___ A.2d ___ (1999); see also D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 213, 520 A.2d 27 (1987) (promissory estoppel).
Count two includes allegations that the plaintiffs husband submitted an application for life insurance with Western and provided payment for the coverage which the defendant then accepted. Count two also alleges that Western's "agent, Robert L. Larson, represented that the plaintiff was covered under an insurance policy issued by Western Reserve Life Assurance Co. of Ohio covering the life of John R. Baroni. The plaintiff relied upon the representations of the defendant's agent concerning the force and effect of coverage, and that such policy as applied and paid for would remain in effect subject to an adjustment in the amount of coverage as the result of a satisfactory medical evaluation. Such reliance was the ultimate loss of the plaintiff in that the agent's principal, Western Reserve Life Assurance Co. of Ohio has refused to honor the said policy on the claimed grounds that coverage was conditional and had expired, to the financial loss of the plaintiff." (Complaint, ¶¶ 8-11.)
When viewed in the light most favorable to sustaining the count's legal sufficiency, the plaintiff has alleged sufficient facts, i.e., detrimental reliance on the representations of the defendant's agent, to support a claim of estoppel. Therefore, the defendant's motion to strike count two of the plaintiffs complaint is hereby denied.
II. CUIPA
The defendant argues that a complaint alleging violations of CUIPA, which does not simultaneously allege violations of the Connecticut Unfair Trade Practices Act (CUTPA), fails to state a claim upon which relief can be granted. The parties agree that there exists a split among the superior courts on this issue; however, the plaintiff contends that a complaint alleging CT Page 13126 violations of CUIPA provides a sufficient basis for an independent cause of action, even though the complaint is devoid of allegations necessary to support a CUTPA claim.
The appellate courts of the state have not specifically addressed whether CUIPA violations give rise to a private cause of action independent of CUTPA; however, our Supreme Court has stated "that a private cause of action exists under CUTPA to enforce alleged CUIPA violations." Lees v. Middlesex Ins. Co.,219 Conn. 644, 654, 594 A.2d 952 (1991). Lower courts differ on their interpretation of CUIPA and Lees and, as "a result, there is a split of authority among the superior courts regarding whether a private cause of action can be brought under CUIPA. See Joseph v. Hannan Agency, Inc., Superior Court, judicial district of Danbury, Docket No. 323310 (January 9, 1997, Moraghan, J.), n. 2." Nuzzo v. Nationwide Mutual Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 394015 (July 1, 1998) (Silbert, J.).
"In contrast to CUTPA, CUIPA does not expressly grant such a right [i.e., a separate cause of action]. CUIPA is essentially a regulatory statute granting certain powers to the insurance commissioner. A person who feels that he or she has been harmed by a CUIPA violation is not without remedy, but that remedy needs to be pursued as a CUTPA [claim]." Gonzalez v. Lewis Services,Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 245151 (March 31, 1995) (Silbert, J.); Rowlands v.Commodore Commons Condominium Assn., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063281 (January 13, 1999) (Curran, J.).
Similarly, this court concludes that CUIPA does not provide the plaintiffs with an independent cause of action; absent allegations that give rise to a claim under CUTPA, a complaint only alleging CUIPA violations fails to state a claim upon which relief can be granted.
The plaintiff has alleged in count three that the defendant engaged in unfair and deceptive acts or practices in violation of General Statutes §§ 38a-816 (1)(f); 38a-a-816(6)(d);38a-816(6)(f); 38a-816(6)(g); 38a-816(6)(i); 38a-816(8) or38a-816(12). The plaintiff has not, however, alleged that the defendant engaged in practices; see Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212 (1995); CT Page 13127 that violate CUTPA.
Accordingly, the defendant's motion to strike count three (CUIPA) of the plaintiff's complaint is hereby granted.
III. Negligence
The defendant, characterizing itself as an "offeror" of insurance, argues that it owed no duty to the plaintiff and, therefore, count four of the plaintiff's complaint cannot withstand a motion to strike. Count four of the plaintiff's complaint sounds in negligence, however, in her memorandum of law in opposition to the motion to strike, the plaintiff asserts that the count alleges that Western breached its implied covenant of good faith and fair dealing.
"In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980).
That rule contrasts with the latitude given to a plaintiff's pleading; "in passing on a motion to strike based on a claim of failure to state a cause of action, we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." (Internal quotation marks omitted.) Zeller v. Mark,14 Conn. App. 651, 654, 542 A.2d 752 (1988); see also Amodio v.Cunningham, 182 Conn. 80, 83, 438 A.2d 6 (1980).
The fourth count incorporates the allegations of count two, i.e., there exists an express or implied contract between the plaintiffs decedent and Western and that the negligence of Western's agent, Robert Larson, caused the plaintiffs loss. Count four further alleges that Western acted negligently in handling the policy.
The "existence of a duty of care is an essential element of negligence. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982)." (Internal quotation marks omitted.) Emerick v. Kuhn, 52 Conn. App. 724, CT Page 13128 755, ___ A.2d ___ (1999).
The defendant correctly notes that an offeror has no general duty to exercise reasonable care prior to entering into the contract; Swentusky v. Prudential Insurance Co., 116 Conn. 526,533-34, 165 A. 686 (1933); however, once there exists an express or implied contract that contract may give rise to a duty to handle the policy with reasonable care. ("An implied promise for future action on the part of the insurer must, of course, to create a liability, be supported by consideration." Id.) Connecticut also recognizes that an agent has a "duty to exercise reasonable skill, care and diligence to see that his client has proper coverage." Dimeo v. Burns, Brooks McNeil, Inc.,6 Conn. App. 241, 244, 6 Conn. App. 241 (1986).
The pleading reasonably can be construed as alleging that Larson was the agent of Baroni, as well as Western and, as such, Western should be held responsible for Larson's negligence as well as its own.
A defendant's liability may be based on breach of contract, negligence or both; here, the plaintiff has elected to proceed in both contract and tort. See Stowe v. Smith, 184 Conn. 194, 199,441 A.2d 81 (1981).
On a motion to strike the court takes the facts alleged as true, consequently, issues of fact, e.g., whether an actual contract, express or implied, exists (i.e., whether Western is an "offeror" or a party to the contract) or whether Larson acted as Western's agent, should be raised either on a motion for summary judgment or at trial — not on a motion to strike.
"In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provided a cause of action." CountyFederal Savings Loan Assn. v. Eastern Associates,3 Conn. App. 582, 585, 491 A.2d 401 (1985).
Construing the count in a manner most favorable to sustaining its legal sufficiency, count four sufficiently alleges a cause of action in negligence against the defendant Western. Therefore, the defendant's motion to strike count four of the plaintiffs complaint is hereby denied.
 Conclusion
CT Page 13129
In conclusion the court grants the defendant's motion to strike count three (CUIPA) of the plaintiffs complaint and denies the defendant's motion to strike counts two (estoppel) and four (negligence) of the plaintiffs complaint dated January 15, 1999.
It is so ordered.
By the Court
Elaine Gordon Judge of the Superior Court