[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The revised complaint of Kevin and Pamela Kohn alleges they were homeowners in Newtown, Connecticut and owners of a policy written by USFG insuring the premises and contents of their home. The policy was issued through the defendant Glover Agency (Glover) a general insurance agency. While the policy was in force the Kohns suffered a loss, namely a CT Page 5639 theft of personal property. Subsequently, it was determined the policy only covered a limited portion of the theft loss.
The Kohns further allege they had purchased their homeowners insurance from Glover or predecessor agencies for many years, and while they did not ask for any specific coverage they relied on Glover, through its expertise, to provide adequate insurance for any reasonable loss. Specifically, the Kohns allege that Glover had a duty to periodically review their coverage, its adequacy and explain what coverage was available. It is alleged Glover violated this duty.
Glover moves to strike the complaint in its entirety on the ground that the duty alleged by the Kohn does not exist, and that it had no legal duty to advise the Kohns of the adequacy, or otherwise, of their insurance coverage and no duty to procure additional insurance for them unless requested.
 STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotations marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liliedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).[1] The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v.Danbury Hospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
 DISCUSSION
At the heart of this matter is the issue of what, if any, duty did Glover owe the Kohns under the alleged circumstances. If there is no duty owed there can be no basis for a negligence claim. Maffucci v. Royal ParkLtd Partnership, 243 Conn. 552 (1998).
An insurance agent has a duty to exercise reasonable care, skill and diligence to assure that his client has adequate coverage. Todd v.Malafronte, 3 Conn. App. 16 (1984); Dimeo v. Burns, Brooks McNeil,Inc., 6 Conn. App. 241 (1986). While procuring insurance the agent has a CT Page 5640 duty to perform that responsibility with care and diligence. Ursini v.Goldman, 118 Conn. 554 (1934). However, once the coverage is procured, the agency relationship with the insured is ended, and the insurance broker has no authority to do anything further unless so authorized by the insured. Lewis v. Michigan Millers Mutual Insurance Co., 154 Conn. 660
(1967).
The Kohns contend that the defendant Glover owed them a duty of periodically reviewing their insurance coverage. They point out that their policy was renewed every year without Glover reviewing or offering to review the extent of the coverage with them.
Glover contends that it had no duty to periodically advise the Kohns about the adequacy of their coverage and no duty to procure additional coverage unless specifically requested. Glover points to two Superior Court decisions to support its argument. In Grossenbacher v. EricsonAgency, Superior Court, judicial district of Litchfield, CV 97 0073518 (April 10, 2000, DiPentima, J.). the court granted summary judgment for the defendant, and held that, absent any evidence of a fiduciary relationship, an insurance broker did not owe any duty to advise an insured as to adequate insurance coverage. In Pitts v. Carvillo, Superior Court, judicial district of Danbury, CV 99 0334727 (May 22, 2000, Carroll, J.). The court granted a motion to strike a count against an insurance agent alleging the agent negligently canceled insurance coverage, holding that after the insurance had been procured the insured the agent no longer owed a duty to the insured. The Pitts v. Carvillo
court, however, refused to strike a count which alleged that the agent violated a fiduciary duty to the insured, finding an issue of fact was involved.
The defendant further contends there are strong policy reasons against imposing liability on agents for failing to advise insureds of additional coverage available and brings to this court's attention several cases from other jurisdictions limiting the agent's legal responsibility in this area.[2] The court agrees that insureds have the responsibility to know their own financial situation and ability to afford insurance. It is also inadvisable to create a situation where an incentive exists for an insured to claim successfully after the fact they would have purchased more insurance.
On the other hand, as noted above, Connecticut law does recognize an agency relationship between insurance agent and insured at the time insurance is contracted and some duties flow from that relationship. At the very least the agent has a duty to put into effect the type and amount of coverage requested. It also does not seem too much to ask that an agent, with his or her expertise and knowledge of the insurance CT Page 5641 business, review existing and available coverages, at that time.
More importantly for the purposes of this case, the Kohns have sufficiently alleged a fiduciary or special relationship with Glover by averring that they relied on the agency's expertise of Glover to obtain appropriate insurance. The Connecticut Supreme Court has defined a fiduciary relationship as one "characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Murphy v. Wakelee, 247 Conn. 396, 400 (1998). Whether a fiduciary or special relationship exists has been found on numerous occasions to be a question of fact. See e.g. Albuquerque v. Albuquerque, 42 Conn. App. 284,287 (1996); Winter v. Nationwide Mutual Ins. Co., Superior Court, judicial district of Litchfield DN0049205 (May 24, 1990, Pickett, J.). Fact questions should not be determined on a motion to strike. Therefore construing the allegations of the complaint in a light favorable to the Kohns, they allege a relationship with Glover from which a duty to advise of available insurance coverage and coverage adequacy may arise. SeePitts v. Carvillo, supra, Sportsmen's Paradise v. Peerless InsuranceCo., Superior Court, judicial district of Litchfield DN 052606 (Feb. 6, 1992 Dranginis, J.) Accordingly, the motion to strike is denied.
ADAMS, J.