HELYN BYRD *v.* WENDELYNNE ORTIZ ET AL.
(AC 33470)

DiPentima, C. J., and Gruendel and Dupont, Js.

*date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.*" (Emphasis added.)

Argued April 11—officially released June 12, 2012

*Thomas E. Minogue,* for the appellant (plaintiff).

*Miles N. Esty,* with whom, on the brief, was *Peter C. Bowman,* for the appellees (defendants).

*Opinion*

DUPONT, J. The plaintiff, Helyn Byrd, appeals from the judgment rendered by the trial court in favor of the defendants, Wendelynne Ortiz and Nationwide Insurance Company of America (Nationwide), after the court granted the defendants' motion to strike all four counts of the plaintiff's revised complaint. The sole issue on appeal is whether the court improperly granted the motion to strike as to counts one and three of the revised complaint alleging claims of negligence.[1] We conclude that the motion to strike should not have been granted as to those counts and reverse that portion of the judgment of the trial court.

---

[1] Count one of the revised complaint alleges negligence as to Ortiz. Count three alleges negligence as to Nationwide, on the ground that it is vicariously liable for the actions of Ortiz, its agent and employee. The plaintiff consented to the granting of the defendants' motion to strike counts two and four of the revised complaint alleging breach of fiduciary duty as to both defendants, and does not appeal from the judgment rendered on those counts.

The following facts, as alleged in the revised complaint, are relevant to our resolution of the issue on appeal. In July, 2005, the plaintiff contacted Ortiz, a licensed insurance agent employed and authorized by Nationwide to sell insurance policies on its behalf, about purchasing an automobile insurance policy for her two vehicles. Ortiz advised the plaintiff to purchase a Nationwide automobile insurance policy with bodily injury liability coverage in the amount of $20,000 per person and $40,000 per accident and uninsured/underinsured motorist coverage in the amount of $20,000 per person and $40,000 per accident.[2] On July 15, 2005, the plaintiff purchased a Nationwide automobile insurance policy with the coverage recommended by Ortiz (policy). Each year thereafter, on the advice of Ortiz and with her consent, the plaintiff renewed the policy with the same levels of coverage. Ortiz never advised the plaintiff to increase or otherwise change the amount of coverage under the policy.

In 2009, while riding as a passenger in a vehicle insured under the policy, the plaintiff was involved in an accident with another motor vehicle. The plaintiff brought a claim against the owners of the other vehicle for injuries and damages she sustained as a result of the accident. The owners of the other vehicle maintained automobile insurance with bodily injury liability coverage in the amount of $100,000 per person. The plaintiff settled her claim against the owners for the owners' policy limit of $100,000. The plaintiff alleges that the value of the injuries and damages she sustained exceeded $100,000, and, as a result of Ortiz' negligence in failing to advise the plaintiff properly or to inquire of her about the appropriate amount of uninsured/underinsured motorist coverage, she was without sufficient underinsured motorist coverage to compensate her for her losses.

---

[2] We note that this amount of insurance coverage is the minimum permitted under state law. See General Statutes § 14-112 (a).

On November 3, 2010, the plaintiff filed her revised, four count complaint against the defendants, alleging claims of negligence and breach of fiduciary duty. On November 19, 2010, the defendants filed a motion to strike all four counts of the revised complaint. On December 10, 2010, the plaintiff filed an objection to the defendants' motion with respect to counts one and three, alleging claims of negligence. The court heard oral argument on December 13, 2010. In a memorandum of decision dated March 21, 2011, the court granted the defendants' motion to strike, concluding that the revised complaint failed to state a cause of action for negligence because it did not allege fraud or any other inequitable conduct. Thereafter, on May 3, 2011, the court rendered judgment in favor of the defendants. This appeal followed.

The plaintiff claims that the court improperly granted the defendants' motion to strike her claims for negligence. Specifically, the plaintiff argues that (1) the court's reliance on *Harlach* v. *Metropolitan Property & Liability Ins. Co.*, 221 Conn. 185, 602 A.2d 1007 (1992) was improper and (2) counts one and three of the revised complaint alleged facts sufficient to withstand the defendants' motion to strike. We agree.

"We begin by setting out the well established standard of review in an appeal from the granting of a motion to strike. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged.

. . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, 295 Conn. 240, 252–53, 990 A.2d 206 (2010).

I

The plaintiff argues that the trial court's reliance on *Harlach*, as a ground upon which to grant the defendants' motion to strike her claims for negligence, was improper. We agree.

In its memorandum of decision granting the defendants' motion to strike, the court adopted the defendants' interpretation of *Harlach*, citing *Harlach* for the proposition that when a client is aware of the amount of insurance coverage being procured, the client must allege fraud or inequitable conduct to sustain a cause of action for negligence against an insurance agent or insurance company for the agent's failure to recommend sufficient insurance coverage to the client.[3] The

---

[3] In the memorandum of law submitted in support of their motion to strike, the defendants argued: "[I]n *Harlach* . . . the Connecticut Supreme Court found that there is no legal cause of action against insurance agents and insurance companies by a plaintiff, who purchased an insufficient amount of [insurance] coverage to cover injuries in an accident, without an allegation of fraud or inequitable conduct. In the present case, the plaintiff has not made any allegation of fraud by the defendants, or any other inequitable conduct. The complaint does allege that the plaintiff willingly entered into an insurance contract. The only allegation is that [Ortiz] did not advise the plaintiff of the risks of purchasing $20,000/$40,000 worth of underinsured motorist coverage. The caselaw in *Harlach* is clear. Count [o]ne and [c]ount [t]hree of the revised complaint are legally insufficient. They do not allege fraud, duress or any other inequitable conduct. Mere negligence does not rise to the level of inequitable conduct." (Citation omitted.) As discussed in part I of this opinion, the defendants' truncated characterization of our Supreme Court's holding in *Harlach*, an action for reformation of an insurance contract, has no place in our inquiry, in the present case, into whether

trial court stated: " 'Where a party enters into an insurance contract, a party cannot allege that it was not aware what benefits it was receiving or reducing unless fraud or inequitable conduct [o]n the part of the other party is alleged.'[4] . . . The plaintiff has not alleged fraud or inequitable conduct in her revised complaint. Even if it could be found that Ortiz was negligent in recommending such a low amount of coverage, mere negligence does not rise to the level of inequitable conduct." (Citation omitted.)

In *Harlach,* our Supreme Court's discussion of the need for fraud or inequitable conduct was confined to its consideration of whether the equitable principle of reformation was available to negate the plaintiff policyholder's written request, to the defendant insurance company, for a lesser amount of uninsured motorist coverage. *Harlach* v. *Metropolitan Property & Liability Ins. Co.,* supra, 221 Conn. 186, 190–91. The *Harlach* court stated: "The defendant argues that the trial court has reformed the contract that unambiguously provided uninsured motorist coverage of $20,000 per person and $40,000 per accident because the policyholder was unilaterally mistaken as to what coverage he was surrendering when he requested the lesser amount of coverage. The defendant argues that reformation of a contract is not available when the mistake, if any, is unilateral and is not accompanied by fraud or inequitable conduct on the part of the other party. We agree." Id., 190. "Here, there was neither claim nor proof of a mutual mistake, fraud or inequitable conduct on the part of either party. Since none of these elements was

the plaintiff's allegations of negligence are sufficient to withstand the defendants' motion to strike.

[4] We note that the statement quoted by the trial court in its memorandum of decision is taken from the defendants' memorandum of law in support of the motion to strike. The trial court erroneously attributes the statement to the *Harlach* court, characterizing it as our Supreme Court's holding in that case.

present, application of the equitable principle of reformation was not proper." Id., 191.

In the present case, the plaintiff's action is not for reformation of a contract of insurance but for negligence; specifically, the insurance agent's failure to inquire into or to advise the plaintiff properly of the sufficient amount of insurance coverage. *Harlach* is not applicable. We conclude, therefore, that it was improper for the trial court to strike counts one and three of the revised complaint on the ground that those counts did not allege fraud or inequitable conduct.

## II

The plaintiff next claims that counts one and three of the revised complaint state legally sufficient claims for negligence because those counts allege that Ortiz had a duty to exercise reasonable skill, care and diligence to ensure that the plaintiff had proper insurance coverage, that Ortiz breached that duty by not advising the plaintiff to obtain sufficient uninsured/underinsured motorist coverage and that the plaintiff sustained damages as a result of the breach. The defendants maintain that the revised complaint does not state legally cognizable claims for negligence because an insurance agent has no duty to advise an insured of the sufficiency of insurance coverage. Examination of the applicable law and the facts alleged in the revised complaint leads us to conclude that counts one and three allege facts that are legally sufficient to maintain a cause of action for negligence, and thereby to avert the granting of a motion to strike.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . If a plaintiff cannot prove all of those elements, the cause of action fails."

(Internal quotation marks omitted.) *Angiolillo* v. *Buckmiller*, 102 Conn. App. 697, 711, 927 A.2d 312, cert. denied, 284 Conn. 927, 934 A.2d 243 (2007).

"The existence of a duty of care is a prerequisite to a finding of negligence. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citations omitted; internal quotation marks omitted.) *Lachowicz* v. *Rugens*, 119 Conn. App. 866, 868, 989 A.2d 651, cert. denied, 297 Conn. 901, 994 A.2d 1287 (2010).

The duty of care owed by an insurance agent to his or her client in advising the client on matters of insurance coverage was articulated by this court in *Dimeo* v. *Burns, Brooks & McNeil, Inc.*, 6 Conn. App. 241, 504 A.2d 557, cert. denied, 199 Conn. 805, 508 A.2d 31 (1986). "An insurance agent has the duty to exercise reasonable skill, care and diligence to see that his client has proper [insurance] coverage. . . . Where [the agent] undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed . . . ."[5] (Citation omitted; internal quotation marks omitted.) Id., 244.

---

[5] The origins of this statement of the law can be traced to *Ursini* v. *Goldman*, 118 Conn. 554, 173 A. 789 (1934). In *Ursini*, our Supreme Court described the duty of care an insurance broker owes to his or her client in ensuring that the client has proper insurance coverage as "a duty . . . to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on [the insurance broker's] part which defeats the insurance which he undertakes to secure will render him liable to [the client] for the resulting loss. . . . Where he undertakes to procure a policy affording protection against a designated risk, the law imposed upon [the insurance broker] an obligation to perform with reasonable care the duty he has assumed, and he may be held liable for loss properly attributable to his default. The [client] may sue either for breach

In *Dimeo*, this court considered the duty owed by an insurance agent to her client where the client, in an action against the agent and the insurance company, alleged, inter alia, that the agent negligently had failed to advise the client to purchase sufficient uninsured/underinsured motorist coverage. Id., 242. On appeal, the client argued that the court's charge to the jury did not adequately define the duty of care the insurance agent owed to the client. Id., 243–44. This court reviewed the trial court's charge to the jury and disagreed, finding that the instructions given with respect to the agent's duty of care were "legally correct" and properly "adapted to the issues in the case . . . ." Id., 245.

"The court instructed the jury that selling insurance is a specialized field with specialized knowledge and experience, and that an agent has the duties to advise the client about the kind and extent of desired coverage and to choose the appropriate insurance for the client. The court told the jury that the client ordinarily looks to his agent and relies on the agent's expertise in placing his insurance problems in the agent's hands. The court instructed the jury that, if the agent performs these duties negligently, he is liable therefor, just as other professionals are. The court also instructed that the standard of care is not that of ordinary negligence but the knowledge, skill and diligence of insurance agents

---

of the contract or in tort for breach of duty imposed by it." (Citation omitted.) Id., 559–60; *Precision Mechanical Services, Inc.* v. *T.J. Pfund Associates, Inc.*, 109 Conn. App. 560, 565, 952 A.2d 818 (quoting *Ursini*), cert. denied, 289 Conn. 940, 959 A.2d 1007 (2008).

In *Todd* v. *Malafronte*, 3 Conn. App. 16, 22, 484 A.2d 463 (1984), this court held that the duty of care described in *Ursini* applied to insurance agents as well as insurance brokers. In *Dimeo* v. *Burns, Brooks & McNeil, Inc.*, supra, 6 Conn. App. 244–45, this court cited *Todd* in articulating the duty of care owed by an insurance agent to his or her client, determining that the trial court had properly charged the jury as to that duty where the jury considered the client's claim that the agent negligently had failed to advise the client to purchase sufficient uninsured/underinsured motorist coverage.

in Connecticut in [that time period], in similar cases. The court further instructed the jury, on the basis of the expert testimony produced in the case . . . that *an agent has the duty to explain uninsured motorist coverage, to explain the consequences of not having a sufficient amount of such coverage, to recommend the proper amount, and to attempt to procure that amount and offer it to the client.* The court concluded this part of the charge by instructing the jury that the proper amount of coverage in this case would have been $300,000. These instructions were legally correct, adapted to the issues in the case, and clearly and fairly presented the case to the jury." (Emphasis added.) Id., 244–45.

In support of their argument that an insurance agent has no duty to advise an insured of the sufficiency of insurance coverage, the defendants attempt to distinguish *Dimeo.* We are not persuaded. The plaintiff in *Dimeo* alleged that the insurance agent was negligent in "failing to offer and obtain $300,000 of [uninsured/underinsured motorist] coverage, which was the amount necessary for reasonably adequate coverage" and "fail[ing] to advise the plaintiff to obtain uninsured motorist coverage in that amount . . . ." Id., 242. On appeal, this court was tasked with examining the adequacy of the trial court's charge to the jury on the applicable duty of care. This court concluded that the charge, which included the instruction that "an [insurance] agent has the duty to explain uninsured motorist coverage, to explain the consequences of not having a sufficient amount of such coverage, to recommend the proper amount, and to attempt to procure that amount and offer it to the client," was a correct statement of the law.[6] Id., 245.

[6] A reading of *Dimeo* undermines, as well, the defendants' contention that the question of an insurance agent's duty to advise a client to obtain coverage sufficient for the client's individual circumstances, beyond the statutorily required minimum insurance, is an issue of first impression in Connecticut. We disagree with this contention and note that the centrally disputed issue

We are satisfied that *Dimeo* contains an accurate statement of the duty of care that an insurance agent owes to his or her client in advising the client with respect to uninsured/underinsured motorist coverage. We conclude, as a matter of law, that Ortiz had a duty to explain underinsured/uninsured motorist coverage to the plaintiff, to explain the consequences of not having a sufficient amount of such coverage, to recommend the proper amount of coverage based on the plaintiff's individual circumstances and to attempt to procure that amount of coverage and offer it to the plaintiff.[7] See id., 244–45.

in *Dimeo* was *whether* the insurance agent had advised the client to increase his uninsured/underinsured motorist coverage to match the amount of bodily injury liability coverage under the automobile insurance policy. *Dimeo* v. *Burns, Brooks & McNeil, Inc.*, supra, 6 Conn. App. 242–43, 246. There was never a dispute as to the agent's *duty* to advise the client of what would have constituted sufficient coverage. See id., 246 ("The plaintiff acknowledges that the court properly charged that the standard of care applicable to the defendants required that they explain underinsured motorist coverage, explain the consequences of having an insufficient amount of such coverage, recommend the proper amount, and offer that amount, which in this case would have been $300,000. . . . [B]oth sides agreed that the applicable standard of care required that the defendants recommend and offer $300,000 of uninsured motorist coverage to the plaintiff.").

[7] We reject the defendants' argument that such a standard "threatens to put the entire insurance system at risk." As is true with any claim for negligence, a client who brings an action against an insurance agent or insurance company for the agent's negligent failure to advise the client of sufficient coverage or to recommend such coverage must prove each element of the claim—including the agent's *breach* of the duty of care—in order to prevail. Evidence that the agent explained uninsured/underinsured motorist coverage to the client and recommended an adequate amount of coverage, based on the client's individual circumstances, will satisfy the duty of care even where the client rejects the agent's advice and purchases an insufficient amount of coverage. See *Dimeo* v. *Burns, Brooks & McNeil, Inc.*, supra, 6 Conn. App. 244–45.

In the present case, we conclude that the plaintiff's allegations are sufficient to withstand the defendants' motion to strike. In so doing, our analysis is confined to whether the facts alleged in the revised complaint, taken as true and in the light most favorable to sustaining their legal sufficiency, establish a cause of action for negligence. See *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, supra, 295 Conn. 252–53. It is axiomatic, however, that the denial of a motion to strike does not conclude

With these principles in mind, we examine counts one and three of the plaintiff's revised complaint. Count one, labeled "Negligence (Against Wendelynne Ortiz)," alleges that Ortiz "had a duty to exercise reasonable skill, care, and diligence in advising the [p]laintiff to purchase a policy with sufficient coverage . . . that would secure all of her assets . . . and provide sufficient uninsured/underinsured motorist coverage" and "to inquire of the [p]laintiff about any and all assets she needed to secure under said policy in order to properly advise the [p]laintiff to purchase a policy that would secure all of her assets . . . and provide sufficient uninsured/underinsured motorist coverage"; that Ortiz "advised the [p]laintiff to purchase a Nationwide automobile insurance policy . . . with policy limits for each person/each accident of [b]odily [i]njury in the amount of $20,000/$40,000 and [u]ninsured and [u]nderinsured motorist in the amount of $20,000/$40,000, which the plaintiff did thereafter purchase";[8] that Ortiz breached the duty owed to the plaintiff by, inter alia, "failing to inquire of the [p]laintiff about any assets . . . she needed to secure under said policy" and "failing to advise the [p]laintiff to purchase an insurance policy that would provide sufficient uninsured/underinsured motorist coverage"; and that, as a result of Ortiz' failure

the litigation. To prevail on the merits, the plaintiff must *prove* the facts she has alleged.

[8] While we conclude that an insurance agent owes a duty to his or her client, in advising the client with respect to uninsured/underinsured motorist coverage, to explain underinsured/uninsured motorist coverage and the consequences of not having a sufficient amount of such coverage and to recommend the proper amount of coverage based upon the client's individual circumstances; *Dimeo* v. *Burns, Brooks & McNeil, Inc.*, supra, 6 Conn. App. 244–45; we note that the plaintiff's allegations, that Ortiz "advised" her to purchase a policy with particular uninsured/underinsured motorist coverage limits and "continued to advise and allow the [p]laintiff to renew the . . . policy in the same amounts," if proven, could suffice to establish that Ortiz, having undertaken to advise the plaintiff, assumed a duty to act with reasonable care in so doing. See *Weigold* v. *Patel*, 81 Conn. App. 347, 360, 840 A.2d 19, cert. denied, 268 Conn. 918, 847 A.2d 314 (2004).

to advise the plaintiff properly, the plaintiff did not have sufficient underinsured motorist coverage and incurred damages in the form of unreimbursed costs and expenses. Count three, labeled "Negligence (Against Nationwide Insurance Co.)," alleges that Nationwide "is responsible to the plaintiff for the negligence of its agent and employee, the defendant, Wendelynne Ortiz."

The facts alleged in counts one and three of the revised complaint allege duty, breach of that duty, causation and actual injury. If provable, these facts would support causes of action for negligence against each defendant. See *Angiolillo* v. *Buckmiller*, supra, 102 Conn. App. 711. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, supra, 295 Conn. 252. We conclude, therefore, that the court improperly granted the motion to strike counts one and three of the revised complaint.

The judgment is reversed as to counts one and three of the revised complaint alleging negligence and the case is remanded with direction to deny the motion to strike as to counts one and three and for further proceedings according to law; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.