RICHARD ROBINSON & another *vs.* CHARLES A. FLYNN INSURANCE AGENCY, INC. No. 93-P-1550. August 9, 1995. *Insurance*, Motor vehicle insurance, Agent's negligence. *Contract*, Insurance. *Negligence*, Duty to warn.

The plaintiff Richard Robinson was injured in an automobile accident through the fault of one Cynthia Croft, whose bodily injury liability policy limits ($20,000), added to his own underinsured motorist coverage limit ($10,000), was insufficient to cover his medical bills. In this action the plaintiffs (Richard and his wife) are suing the insurance agency through which for years they had obtained their automobile insurance, alleging that the agency had a duty to advise them that they could, if they wished, purchase underinsured motorist coverage up to the amount of their bodily injury liability coverage ($100,000/$300,000), for an additional premium of $142 per year. The wife, who actually purchased the policy, testified that, had she been so advised, she would have purchased the additional coverage. The judge allowed the agency's motion for a directed verdict, and the plaintiffs appealed.

The judge's ruling was correct. There were in this case no "special circumstances of assertion, representation and reliance" that underlay the recovery in *Bicknell, Inc.* v. *Havlin*, 9 Mass. App. Ct. 497, 500-501 (1980). See *Rapp* v. *Lester L. Burdick, Inc.*, 336 Mass. 438, 442 (1957); *McCue* v. *Prudential Ins. Co.*, 371 Mass. 659, 661 (1976). Rather, the plaintiffs rely on a general duty owed, they claim, by insurance agents to their clients "to inform and advise them as to the availability of uninsured and underinsured motor vehicle coverage up to the limits of the bodily injury liability coverage the client[s] carr[y]." Such a sweeping duty finds no support, as the plaintiffs' concede, in Massachusetts appellate decisions. Support in other jurisdictions is spotty at best. See, e.g., *Dimeo* v. *Burns, Brooks & McNeil, Inc.*, 6 Conn. App. 241, 245 (1986); *Tucker* v. *County Mut. Ins. Co.*, 125 Ill. App. 3d 329 (1984); *Sobotor* v. *Prudential Property & Cas. Ins. Co.*, 200 N.J. Super. 333 (1984), all of which are distinguishable.

Some decisions have explicitly rejected such a duty. *Jones* v. *Grewe*, 189 Cal. App. 3d 950, 954 (1987). *Sandbulte* v. *Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 464 (Iowa 1984). We take Massachusetts decisions, by requiring a showing of special circumstances of reliance, to reject the broad duty for which the plaintiffs contend.

Nor may such a duty be predicated on G. L. c. 175, § 113L(2), which as appearing in St. 1988, c. 273, § 46, changed underinsured coverage from mandatory to optional and provided that policy holders should be notified of their right to purchase such coverage, said notification to be "in a manner prescribed by the commissioner of insurance." The statute itself imposed that duty the first year on insurers, rather than on agents and brokers (St. 1988, c. 273, § 70), and no showing has been made that the defendant here violated any duty of notification imposed on it by the Commissioner of Insurance.

*Judgment affirmed.*

*Frederic N. Halstrom* for the plaintiffs.
*Richard F. Wholley* for the defendant.