Kern, J.
The Plaintiff, Barrett Financial Corporation (“Barrett”), brought this action alleging that the defendant, Pine Insurance, Inc. (“Pine Insurance”), failed to obtain proper insurance coverage in accordance with Barrett’s requests. Pine Insurance moves for summary judgment on the grounds that it had no duty as a matter of law to advise Barrett to purchase an all risk policy which Barrett contends it requested. For the reasons discussed below, Pine Insurance’s motion for summary judgment is ALLOWED.
BACKGROUND
It is undisputed that Barrett’s owner and principal, Arthur Arbetter, purchased a vacant building located on Rokeby Road, Newton, Massachusetts, with the intention of rehabilitating it into a single family home and then reselling it. Arbetter contacted Earl Martin, Pine Insurance’s president, and requested insurance coverage. Arbetter asked to be “fully insured.”
Unable to purchase an all-risk policy because he had no market for such a policy, Martin obtained a named perils policy from Castle Insurance. Martin told Arbetter he was buying a limited-form policy and told him what was and was not covered under the policy. Arbetter accepted the policy and paid the premium on behalf of Barrett. Arbetter received a copy of the policy and a cover letter that indicated what the policy was. Arbetter did not take the time to read the terms of the policy.
On January 4, 1999, the heating system in the building broke down. The water pipes in the building froze and then burst causing extensive water damage *464 to the building. Water damage from burst pipes was specifically excluded under the policy. Barrett then brought this action seeking to recover from Pine Insurance for the damage caused to the building.
DISCUSSION
Barrett contends that summary judgment should be denied because a jury should decide whether Pine Insurance breached the minimum standards of care in carrying out Arbetter’s request for insurance coverage. According to Barrett, an insurance broker owes his client a duiy of reasonable skill and ordinary diligence in faithfully carrying out policy holder requests. Hartford Nat’l Bank & Trust Co. v. United Truck Leasing, 24 Mass.App.Ct. 626, 630 (1987), review denied, 400 Mass. 1106 (1987); Rozen v. Cohen, 350 Mass. 231, 233-34 (1966). The nature and extent of the duty depends in part upon the degree of skill which the agent represents he possesses. Bicknell v. Havlin, 9 Mass.App.Ct. 497 (1980). “An agent is bound to use due care in the implementation of the agency . . ., and in carrying out instructions of the principal-client.” Id. at 500.
While this may be true, Barrett has failed to provide any evidence that Martin breached any obligation to Arbetter. The facts are undisputed. Arbetter never requested and Martin never agreed to obtain “all-risk” insurance. Arbetter simply asked to be “fully insured.” Martin explained that no policy covers every possible risk. Martin then set about to find a policy to cover the building.
Though an insurance agent must use reasonable skill and diligence in complying with a client’s requests, the relationship between an insurance broker and the insured is not fiduciary in nature. Baldwin Crane & Equipment Corp. v. Riley & Riley Ins. Agency, Inc., 44 Mass.App.Ct. 29, 31-32 (1997). There is evidence that Arbetter’s business had some previous contacts with Pine Insurance. These normal business dealings, however, were not sufficient to create a special relationship between Pine Insurance and Arbetter. Absent such a special relationship, Pine Insurance had no duty to provide an all-risk policy or to advise Arbetter to seek an all-risk policy elsewhere. Pine Insurance simply needed to exercise reasonable diligence in providing Barrett with a policy to meet its needs and to inform Arbetter what was and was not covered under the policy he was purchasing. Id.
In a factually similar case, Boston Camping Distributor Company, Inc. v. Lumbermen’s Mutual Casualty Co., 361 Mass. 769 (1972), the plaintiff told the defendant broker that “he wanted insurance coverage from A to Z, second to none, to which the defendant replied that he would definitely comply.” Id. at 772. The Supreme Judicial Court found that the original verbal exchange between the insurance agent and the insured “was expressive of the [parties’] present intention, but was not in its effect a contract.” Id. Here, Martin and Arbetter’s conversation may have reflected an intention to make a contract, but the conversation in itself did not become a contract to find the best insurance possible. Nor did Martin undertake a duty to provide absolute, full coverage, as he had explained to Arbetter that no policy covers every risk.[1]
Martin obtained a named perils policy. He generally explained the terms of the policy to Arbetter, who, on behalf of Barrett, agreed to its terms, signed the policy, and paid the premium. Pine Insurance sent a copy of the policy to Arbetter. He also received a cover letter explaining that the policy was a named perils policy. The policy specifically excluded damage from burst water pipes. That Arbetter, as a person in the business of rehabilitating buildings, did not bother to read the terms of the policy to which he had agreed and for which he paid, is no one’s fault but his own. The court should not step in to interfere with an arms-length transaction between two business people.
Barrett also argues that Martin breached his duty of reasonable skill and ordinary diligence because he did not search other markets for an all-risk policy or refer Arbetter to another agent who could provide such a policy. As the Hartford National Bank Court explained, “The duty of making a diligent market search may be fulfilled if the agent tries to place the risk with one of the insurers for which the agent customarily acts.” Hartford Nat’l Bank & Trust Co., 24 Mass. App. Ct. at 631. This is precisely what Martin did. He obtained a limited-form named perils policy from Castle Insurance that he believed would be suitable for a company such as Barrett that was rehabilitating a building. As all-risk policies were not available from the insurers Pine Insurance customarily worked with, he had no duty to seek out such a policy.
Moreover, Martin had no duty to even advise Arbetter about all-risk policies. In Robinson v. Charles A. Flynn Insurance Agency, Inc., 39 Mass.App.Ct. 902 (1995), the court found that automobile insurance agents do not owe their clients a duty “to inform and advise them as to the availability of uninsured and underinsured motorvehicle [sic] coverage up to the limits of the bodily injury liability coverage the client[s] carr[y]. Such a sweeping duty finds no support, as plaintiffs concede, in Massachusetts appellate decisions.” Id. (internal quotations omitted). Likewise, Martin did not have a duty to advise Arbetter of the existence of all-risk insurance or to recommend to him an agent who could provide such insurance. Absent such a duty, Barrett has no viable claims against Pine Insurance.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.

This situation is unlike the cases in which an insurance agent agreed to obtain a specific type of insurance policy and then failed to do so. See Rae v. Air-Speed, Inc., 386 Mass. 187 (1982) (agent was hired to obtain workers' compensation insurance and neglected to do so); Howard v. G.H. Dunn Ins. Agency, Inc., 4 Mass.App.Ct. 767 (1976) (agent failed to obtain fire insurance).