McCann, J.
The plaintiff, Celisa Fulton and her mother, Vicki Fulton, brought this action alleging that the defendant, Walsh/CDI Insurance Agency (Agency), failed to advise Vicki Fulton that she could purchase additional uninsured and underinsured coverage for her motor vehicle. The Agency moves for summary judgment on the grounds that it had no duty as a matter of law to advise the Fultons to purchase additional underinsured motor vehicle coverage. For the reasons discussed below, the Agency’s motion for summary judgment will be ALLOWED.

BACKGROUND

Vicki Fulton and Kenneth Fulton have two children, Joshua Fulton and Celisa Fulton and reside in the town of Warren, Massachusetts. Walsh Insurance Agency is an insurance agency licensed in Massachusetts. It has an agreement with Hanover Insurance Company and other insurers to sell automobile insurance to Agency customers.
For several years prior to 1997, the Fultons were customers of the Agency for purposes of obtaining insurance for their personal motor vehicles. On November 26, 1995, Hanover Insurance sent Vicki a Coverage Selection Page, which showed her coverages and premium costs for the renewal period of January 1, 1996 through January 1, 1997. It was considered a provisional renewal using 1995 rates. A Coverage Selection Page reflecting the 1996 rates was sent to Vicki by Hanover on February 21, 1996, indicating the limits of the policy and a premium of $346.00.
In July of 1996, Vicki purchased a 1988 Ford Taurus; Hanover subsequently issued anew Coverage Selection Page. At that time, Vicki added to the existing policy coverage for both collision and comprehensive coverage and for towing and labor. These additions amounted to an increase in her premium to $521.00. Vicki and Kenneth Fulton were billed directly by Hanover for their premium payments.
On November 24, 1996, Kenneth added their son Joshua to his policy with Hanover, which provided coverage for Kenneth’s 1984 Ford pickup truck. A new Coverage Selection Page was issued for the renewal period of December 28, 1996 through December 28, 1997, reflecting a premium of $895.00. Upon receipt of his bill for the new premium, Kenneth contacted the Agency and instructed them to remove Joshua from the policy, as he could not afford the increased premium. The Agency complied with Kenneth’s request and Joshua’s removal from the policy was effective on January 27, 1997.
At about the same time, Vicki agreed to add Joshua to her policy and the Agency was instructed to add Joshua. As a result, Vicki’s premium increased to $1,109.00 when she received the provisional rates for 1997; her premium further increased to $1,258.00 when she received the actual 1997 rates. Vicki called the Agency on June 24, 1997 and requested that Joshua be removed from her policy, as he was getting his own vehicle. She does not remember who she spoke with at the agency and she did not request the Agency to increase any coverage. After Joshua was removed from the policy, a new Coverage Selection Page was issued showing a credit for a deleted operator in the amount of $404.00. In her contact with the Agency regarding these changes, Vicki did not request an increase in her underinsured coverage.
Vicki’s relationship with the Agency was limited to telephone contact and payments made through the mail slot at the Agency, after hours. Kenneth went to the agency when necessary to take care of paperwork.
On October 12, 1997, Celisa Fulton was seriously injured in an automobile accident in which she was the passenger in a third party’s vehicle. There was no available underinsured coverage afforded to Celisa by the existing Hanover policy, which provided only the minimum $20,000/$40,000 coverage.

DISCUSSION

Summary judgment shall be granted where there are no genuiné issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 17 (1989).
An insurance company ordinarily has no duty to advise its clients that they may purchase underinsured motorist coverage up to the amount of their bodily injury liability coverage. Robinson v. Flynn Insurance Agency, Inc., 39 Mass.App.Ct. 902, 902 (1995). A duty may be owed, however, where there are “special circumstances of assertion, representation and reliance,” which would justify the imposition of a greater duty of care on the defendant Id.; Rapp v. Lester H. Burdick, Inc., 336 Mass. 438, 442 (1957). “Special circumstances” have been found to exist in several Massachusetts cases. See, e.g., Bicknell, Inc. v. Havlin, 9 Mass.App.Ct. 497, 501 (1980) (advice of agent and representations by agent made over a “considerable period of time”); McCue v. Prudential Ins. Co. of America, 371 Mass. 659, 661-62 (1976) (jury could find such special circumstances where the plaintiff and defendant had twenty-eight-year professional relationship and defendant agent visited the plaintiff every few months to offer updates and advice); Construction Planners v. Dobax Ins. Agency, Inc., 31 Mass.App.Ct. 672, 675-76 (1991) (where defendant renewed plaintiffs’ policies every year without consultation to plaintiff and plaintiff relied on this function).
*84 The Fultons contend that summary judgment should be denied because a jury should decide whether special circumstances existed between the Agency and the Fultons. Although it is normally a jury question whether there are special circumstances that would provide a basis for liability, see McCue, supra at 661, here the facts that are material to the question of their relationship are undisputed.
The relationship between the Agency and Vicki was not of an extended duration over a period of years and, as evidenced by the limited contact she had with the Agency, was not particularly intimate or close. Furthermore, the Agency did not cease to perform a function which it had continuously performed over a period of time, to Vicki’s detriment, such as providing updates and coverage advice between renewals. Although Vicki and Kenneth Fulton had prior business contacts with the Walsh Agency, these were part of a normal business relationship that is not sufficient to create a special relationship or special circumstances between them. Absent such a relationship, the Agency had no duty to offer additional underinsured coverage to Vicki Fulton.

ORDER

It is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED.