EFFYE LEWIS *v.* MICHIGAN MILLERS MUTUAL INSURANCE COMPANY

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 8—decided March 30, 1967

*Sherman Drutman,* for the appellant (plaintiff).

*Charles G. Albom,* with whom, on the brief, was *George L. Eastman,* for the appellee (defendant).

THIM, J. On November 2, 1959, the defendant, at the request of Bretzfelder and Cahn, Inc., an insurance brokerage firm, hereinafter referred to as Cahn, issued to the plaintiff a one-year renewal of a policy of liability insurance covering premises which the plaintiff owned and which were located on Dixwell Avenue in New Haven. In the autumn of 1961, the plaintiff was sued by a woman who claimed to have been injured on September 24, 1960, while she was on the plaintiff's Dixwell Avenue property as an invitee of one of the plaintiff's

tenants. Thereupon the plaintiff notified the defendant and requested it to defend the action as it had agreed to do in the policy. The defendant refused, asserting that prior to the date on which the injury was alleged to have occurred, it, at the request of Cahn, the plaintiff's agent, had transferred the policy coverage from the Dixwell Avenue property to other property owned by the plaintiff on Read Street in New Haven.

After the defendant's refusal to defend, the plaintiff engaged private counsel. The suit against the plaintiff eventually ended in a settlement. In the present action, the plaintiff seeks to recover the amount of the settlement, together with the reasonable cost of her attorney's fee.

The trial court concluded that Cahn, while acting as the agent of the plaintiff, misconstrued certain instructions from the plaintiff and, on the basis of that misapprehension, sought and obtained from the defendant a valid endorsement transferring the plaintiff's insurance coverage from the Dixwell Avenue property to the Read Street property, effective May 9, 1960. The court concluded that on September 24, 1960, the date of the alleged accident, the Dixwell Avenue property was not covered by the policy in question, and the defendant owed no obligation to the plaintiff concerning the claim. From a judgment rendered for the defendant, the plaintiff has appealed, claiming that the court erred in concluding that Cahn had the authority to procure a binding transfer of insurance coverage on her behalf.

The pertinent facts are not in dispute. Acting as an insurance broker, Cahn first procured a liability policy from the defendant on the Dixwell Avenue property in 1954. Thereafter, renewals of the policy

were also procured by Cahn. On or about October 7, 1959, the plaintiff purchased the Read Street property. She obtained the liability insurance on this property from another insurer. On or about November 10, 1959, she moved from her Dixwell Avenue property to her Read Street property. In April, 1960, the plaintiff mailed to Cahn a premium payment on the policy covering the Dixwell Avenue property. With the payment she enclosed a note requesting that her mail be referred to her Read Street property. Cahn interpreted the note to mean not only that the plaintiff had moved but also that she desired to have her liability insurance coverage transferred to the Read Street property. With this in mind, Cahn requested of the defendant and received from it an endorsement dated May 9, 1960, which transferred the insurance coverage to the Read Street property.

Cahn then sent the endorsement to the plaintiff. Having never requested or consented to the transfer, the plaintiff immediately notified Cahn that she objected to the transfer and that she already had insurance on the Read Street property. To correct the mistake it had made, Cahn requested the defendant to retransfer the coverage to the Dixwell Avenue property. Upon receipt of this request, the defendant caused the Dixwell Avenue property to be inspected. After learning the results of the inspection, the defendant refused to retransfer the coverage. As we have noted, it subsequently refused to defend the plaintiff in the action brought against her.

The decisive issue in this case is whether Cahn had the authority to seek and obtain a binding endorsement transferring the plaintiff's liability coverage and thereby relieve the defendant of any

responsibility concerning subsequent events at the Dixwell Avenue property.

An insurance agent is a person expressly or impliedly authorized to represent an insurance company in its dealings with third persons. *Travelers Indemnity Co.* v. *National Indemnity Co.*, 292 F.2d 214, 219 (8th Cir.); 29 Am. Jur. 537, Insurance, § 135. An insurance broker is "one who acts as a middleman between the insured and insurer and who solicits insurance from the public under no employment from any special company and who either places an order for insurance with a company selected by the insured, or, in the absence of such selection, with a company the broker selects." *Travelers Indemnity Co.* v. *National Indemnity Co.*, supra; 16 Appleman, Insurance Law and Practice § 8726; 44 C.J.S. 797, Insurance, § 137. It is clear from the record that Cahn was an insurance broker rather than an agent of the defendant.

When procuring insurance for a person such as the plaintiff, a broker becomes the agent of that person for that purpose. *Travelers Indemnity Co.* v. *National Indemnity Co.*, supra, 220; *Ursini* v. *Goldman,* 118 Conn. 554, 559, 173 A. 789; *Mishiloff* v. *American Central Ins. Co.*, 102 Conn. 370, 379, 128 A. 33. Once that purpose is accomplished, however, and the insurance is procured, the agency relationship between the insured and the broker terminates, and the broker is without any authority to do anything which further affects the insured unless expressly or impliedly authorized by the insured to do so. *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 557, 558, 86 A. 26; 3 Couch, Insurance (2d Ed.) § 25:12; 44 C.J.S. 802, Insurance, § 140.

From an application of the above principles to this case, it is apparent that, when Cahn sought

and obtained the renewal policy for one year covering the Dixwell Avenue property, it acted as the plaintiff's agent. It is equally apparent that once the policy was issued, Cahn ceased to be the plaintiff's agent. At this point, in the absence of a new conferral of authority on Cahn by the plaintiff, Cahn could not affect the existing contract of insurance between the plaintiff and the defendant covering the Dixwell Avenue property. Some six months after the renewal policy had been issued and the agency relationship had ceased, the plaintiff notified Cahn that her mail was to be referred to the Read Street address. The finding is unclear as to whether the plaintiff, by this notification, intended to have Cahn in turn notify the defendant of this change of mailing address. Even if we assume, however, that it was the plaintiff's intention to once again utilize Cahn as her agent, this time for the limited purpose of having Cahn inform the defendant of the change of mailing address, this agency did not empower Cahn to procure a binding transfer of liability coverage from the Dixwell Avenue property to the Read Street property. Cahn was not expressly or impliedly authorized by the plaintiff to request such a transfer. Nor did it have the apparent authority to seek and obtain the transfer on the plaintiff's behalf. Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. *Quint* v. *O'Connell,* 89 Conn. 353, 357, 94 A. 288. To fix the principal's liability for the agent's act, it must be shown either that the principal, by his own acts, causes the mistaken belief that the agent had the requisite authority or that the principal knowingly permitted the agent to engender that belief. Ibid. Also, of course,

the third party must have acted in good faith on the false appearance created by the principal. Ibid. In the present case, the plaintiff did not hold Cahn out to the defendant as possessing the authority to obtain the endorsement, nor did she knowingly permit Cahn to act as having such authority. Indeed, the plaintiff did not even learn of Cahn's actions until the endorsement transferring coverage was a fait accompli. At that point she expressly protested the transfer. There is no evidence that the defendant relied on anyone other than Cahn before it issued the endorsement. In the absence of actual knowledge to the contrary, it was bound to know that Cahn's authority to represent the plaintiff had terminated six months earlier when the renewal policy was issued. *Smith* v. *Firemen's Ins. Co.*, 104 F.2d 546, 548 (7th Cir.). It was not justified in relying solely on Cahn's request to transfer the plaintiff's coverage. The "[a]pparent power of an agent is to be determined not by his own acts, but by those of the principal." *Zazzaro* v. *Universal Motors, Inc.*, 124 Conn. 105, 111, 197 A. 884. Here, the plaintiff neither did anything nor knowingly allowed anything to be done which would justify the defendant's acquiescence to Cahn's request to issue the endorsement transferring coverage.

The facts found do not support the conclusion reached by the trial court that Cahn had the authority to procure the endorsement on behalf of the plaintiff. Thus, the endorsement did not deprive the plaintiff of insurance coverage on the Dixwell Avenue property. There is nothing in the finding to indicate that further facts could be developed on a new trial to bring about a contrary result. *Plunkett* v. *Nationwide Mutual Ins. Co.*, 150 Conn. 203, 210, 187 A.2d 754.

Having failed to defend the action instituted against the plaintiff, the defendant must respond in damages for the breach of its contract to do so. Since the finding discloses the exact amount of damages sustained by the plaintiff, we conclude that a new trial is not necessary. See *Fitch* v. *State*, 139 Conn. 456, 460, 95 A.2d 255; *Coughlin* v. *McElroy*, 72 Conn. 444, 446, 44 A. 743.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $2500.

In this opinion the other judges concurred.