[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, commenced by writ, summons and complaint, dated January 20, 1993, the plaintiff seeks to recover funds advanced to the defendant for the purpose of financing insurance premiums. CT Page 6903
The defendant has answered and has filed special defenses alleging a lack of agency relationship.
After a full trial, all parties present or represented by counsel, the court, based on a preponderance of the credible, relevant and legally admissible evidence, finds, determines and rules as follows:
The plaintiff, AFCO Credit Corporation (AFCO), is a New York Corporation with its principal place of business in Parsippany, New Jersey. AFCO is licensed with the insurance commissioner as an insurance premium finance company authorized to do business in Connecticut.
At all times relevant hereto, the defendant, Go Fly a Kite, Inc. (GFK) was a remains a corporation organized under the laws of the state of Connecticut with its principal place of business at 385 Town Street, East Haddam, Conn.
At all times relevant hereto, McCutcheon Burr, Inc. (MB) was a corporation organized under the laws of the state of Connecticut with its principal place of business at 300 Plaza Middlesex, Middletown, Conn. MB is a licensed agent and broker for property and casualty insurance.
On or before April 30, 1990, MB procured an insurance policy, allegedly on behalf of GFK, from General Star Indemnity Company (General). The total amount of the premium due under the policy was $37,500.00
On or about April 30, 1990, MB arranged a financing agreement, allegedly on behalf of GFK, with AFCO, and pursuant thereto, issued a draft to itself, as authorized by its relationship with AFCO, for the full premium of $37,500.00.
The financing agreement was signed by an employee of MB.
GFK, indicating that the annual premium of $37,500.00 was too expensive, selected an alternate insurance policy affording less coverage but with a premium of $13,000.00. The policy was issued and the $13,000.00 premium covering the alternate policy was financed and paid in full.
Prior to the financing agreement subject to this suit, GFK had entered into a financing agreement with AFCO, but in that CT Page 6904 instance, a principal of GFK had signed the agreement, not an employee of MB.
AFCO claims that MB's employee signed as the agent of GFK and thereby bound GFK as principal.
The $37,500.00 remains unpaid to date.
Agency may arise because of an apparent relationship or by implication or may be expressly entered into.
Apparent agency exists where a principal, through his own acts, causes or allows a person to believe his agent possesses the right to act on his behalf. It is to be determined by acts of the principal rather than by acts of the agent. LouisBeckenstein, et al v. Porter Carrier, Inc., et al, 191 Conn. 120,464 A.2d 6 (1983): Lewis v. Michigan Millers Mutual Ins.,Co., 154 Conn. 660, 228 A.2d 803 (1967).
The only prior act of GFK in its relationship with AFCO is when the parties entered into a financing agreement wherein a principal of GFK, not an employee of MB, signed the agreement.
The court expressly finds that there was no apparent agency authorizing MB to enter into a financing agreement on behalf of GFK.
Also, there was no evidence offered that would support an express agency relationship authorizing MB to sign a binding financing agreement between AFCO GFK.
An express agency is authority delegated by the principal to this agent by words that expressly authorize him to do a delegable act. It must be expressed distinctly either written or orally. Black Law Dictionary, Revised Fourth Edition.
No such evidence was presented in this case. The court finds no express agency existed.
An implied agency is a fact to be proven by deductions or inferences from the manifestations of consent of the principal and is that which the principal intends his agent to possess.Fireman's Fund Indemnity Co. v. Longshore Beach and Country Club,Inc., 127 Conn. 493, 18 A.2d 347, 350 (1941). CT Page 6905
There was no evidence of any nature offered from which the court might find implied agency.
In sum under the facts and circumstances of this case, no express implied or apparent agency ever existed between GFK and BM which authorized BM to enter into a premium financing agreement with AFCO.
Accordingly, judgment may enter for the defendant, Go Fly a Kite, Inc., on the complaint, against the plaintiff AFCO Credit Corporation, together with costs.
SPALLONE STATE TRIAL REFEREE
Judgment enters in accordance with the foregoing Memorandum of Decision
Jonathan W. Field, Deputy Chief Clerk