[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Pools by Al, Inc., filed an amended complaint against Peerless Insurance Company (Peerless), Yazluk Agency, Inc. (Yazluk), and Victor Frazao, doing business as Frazao Insurance Agency (Frazao), on June 1, 1998.[1] Peerless issued to the plaintiff an insurance policy insuring a backhoe that the plaintiff used in his business. Yazluk sold to the plaintiff an insurance policy that was issued by Peerless. Frazao is the insurance agent that the plaintiff dealt with in procuring the insurance policy.
The first three counts are against Peerless and allege breach of the insurance contract, breach of the covenant of good faith and fair dealing, and violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA). The fourth count is against Yazluk and alleges that Yazluk was negligent and careless in selling insurance that was inadequate for the plaintiff's needs. The fifth count is against Frazao and alleges that Frazao was negligent and careless in procuring insurance that was inadequate for the plaintiff's needs. An intervening plaintiff, Case Credit Corporation, filed an amended complaint against Peerless on August 21, 1998. CT Page 5645
The facts are as follows. The plaintiff purchased a backhoe for his business. The only person to use the backhoe was the plaintiff's brother. (Peerless' Memorandum, Exhibit C, Plaintiff's Deposition, p. 22.) In exchange for assisting the plaintiff, the brother was allowed to use the backhoe for his own use, outside of the plaintiff's business. (Peerless' Memorandum, Exhibit C, Plaintiff's Deposition, p. 23.) The backhoe was insured through a policy issued by Peerless. (Peerless' Memorandum, Exhibit C, Plaintiff's Deposition, p. 32.) The insurance policy states that "[p]roperty while on loan, lease or rental by [the plaintiff] to others unless operated by [the plaintiff] or [his] employee" is not covered by the insurance policy. (Plaintiff's Memorandum, Exhibit B, Policy.) While the plaintiff's brother was using the backhoe for his own purpose, the backhoe was stolen. (Plaintiff's Memorandum, Exhibit F, Plaintiff's Affidavit.) Peerless refused to reimburse the plaintiff for the backhoe, arguing that the plaintiff's brother is not an employee. (Plaintiff's Memorandum, Exhibit A, Peerless' Letter.) The plaintiff has filed this lawsuit as a result of this denial by Peerless.
Peerless filed a motion for summary judgment on August 6, 1999, on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. On October 4, 1999, the plaintiff filed an objection and a cross motion for summary judgment as to count one against Peerless, and the intervening plaintiff filed an objection to Peerless' motion on October 14, 1999. Yazluk filed a motion for summary judgment on August 27, 1999, alleging that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. The plaintiff filed an objection to Yazluk's motion on October 4, 1999, and Yazluk filed a reply on October 20, 1999. Frazao filed a motion for summary judgment on October 12, 1999, on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. The plaintiff filed an objection to Frazao's motion on December 28, 1999.[2] All motions for summary judgment will be addressed in this opinion.
 I STANDARD
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, CT Page 5646 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 201, ___ A.2d ___ (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. DoubleA Transportation, Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra,252 Conn. 201. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988).
 II PEERLESS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT.
In its motion for summary judgment, Peerless argues that summary judgment is warranted as to count one of the complaint because Frazao did not act as an agent for Peerless but rather acted as an agent for the plaintiff. Peerless argues that, since Frazao was not its agent, it was not bound by Frazao's actions. Peerless argues, in the alternative, that if Frazao is considered to be its agent, then Frazao's actions were committed outside the scope of the agency.
In its objection and cross-motion for summary judgment, the plaintiff argues that the claim against Peerless in count one is for breach of contract and that the issue is whether the plaintiff's brother is an "employee" as that term is used in the insurance policy, not whether Yazluk and Frazao were agents for Peerless. "This `agency' argument . . . is completely irrelevant to any of the claims brought against Peerless in this action." (Plaintiff's Memorandum, p. 8.)[3]
The court agrees with the plaintiff. The amended complaint is utterly devoid of any allegations advancing a claim of vicarious liability against Peerless, and the plaintiff otherwise nowhere makes the argument that Peerless is bound by the actions of its agents. Rather, the plaintiff claims that Peerless is bound because the backhoe is covered under the terms of the policy. Peerless' motion for summary judgment as to count one is denied. CT Page 5647
As to count two of the complaint, Peerless argues that summary judgment is warranted because the bad faith claim is derivative of the breach of contract. Peerless argues that because Frazao was not its agent and therefore there is no breach of contract, there can be no bad faith on its part. The court has denied Peerless' motion for summary judgment as to count one, and does so as to count two because the agency argument is irrelevant to the plaintiff's complaint. Moreover, the plaintiff alleges that there was a breach of contract. Whether the alleged breach was committed in bad faith is a question of fact for the jury. See Zupnik v. Day Publishing Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549864 (March 8, 1996, Hennessey, J.) ("Whether the defendant acted with malice, improper motive, or bad faith is a question for the jury.") "We [have] defined bad faith as . . . a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . In other words, bad faith means more than mere negligence; it involves a dishonest purpose." (Internal quotation marks omitted.) Rizzo Pool Co. v.Del Grosso, 232 Conn. 666, 680-81 n. 22, 657 A.2d 1087 (1995). "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,111, 639 A.2d 507 (1994). "Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case." Id.
Peerless' motion for summary judgment as to count two is denied.
As to count three of the complaint, Peerless argues that summary judgment is warranted because neither the Connecticut Unfair Trade Practices Act (CUTPA) nor the Connecticut Unfair Insurance Practices Act (CUIPA) impose vicarious liability on an insurer for exemplary damages due to the acts of an agent unless the principal authorizes or ratifies the agent's conduct. This agency argument is irrelevant to the plaintiff's complaint.
Peerless also argues that the plaintiff's allegations are insufficient to allege a CUTPA violation based on a CUIPA violation. The plaintiff argues that Peerless' motion for summary judgment is not the proper vehicle by which to challenge the legal sufficiency of a pleading. The plaintiff further argues that there are sufficient facts alleged to establish a CUTPA and CUIPA violation. The plaintiff argues that summary judgment on count three is not appropriate. CT Page 5648
The court finds no merit to the plaintiff's argument that a motion for summary judgment is inappropriate to test the legal sufficiency of a complaint. The Connecticut Appellate Court has held that the "motion for summary judgment was a proper way to test the legal sufficiency of . . . the . . . complaint." Drahan v. Board of Education, 42 Conn. App. 480,498 n. 17, 680 A.2d 316, cert. denied, 239 Conn. 921, 682 A.2d 1000
(1996), citing Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971).
The issue that must be addressed, therefore, is whether the complaint is legally sufficient. In count three of the plaintiff's amended complaint, the plaintiff alleges that "[u]pon information and belief, the defendant engages in one or more of the following unfair claim settlement practices with such frequency as to indicate a general business practice. . . ." The plaintiff then lists six ways that Peerless engages in unfair practices. "In Mead v. Burns, [199 Conn. 651,509 A.2d 11 (1986)], we concluded that a CUTPA claim based on an alleged unfair claim settlement practice prohibited by 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant `with such frequency as to indicate a general business practice.'" Lees v. Middlesex Ins. Co.,229 Conn. 842, 850, 643 A.2d 1282 (1994); see also Heyman Associates No.1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 798 n. 30, 653 A.2d 122
(1995) ("[I]t is clear that the plaintiff's failure to offer evidence showing a `general business practice' fatally flaws its claim under § 38a-816 (6), which requires proof of such a general business practice.")
The plaintiff alleges that Peerless "engages in . . . unfair claim settlement practices with such frequency as to indicate a general business practice. . . ." This is a conclusory allegation. The plaintiff has not plead a factual basis establishing any other instance or instances demonstrating frequency indicative of a general business practice. The plaintiff's failure to state a cause of action in this instance is analogous to the numerous Superior Court decisions granting motions to strike based on the same reasoning. See Currie v. AetnaCasualty Surety Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 558900 (August 12, 1999, Mulcahy, J.) (motion to strike granted on ground allegation that acts committed as to plaintiffs are committed "as to other insureds . . . with such frequency as to constitute a general business practice" is entirely conclusory without any alleged factual basis); Carol v. Allstate Ins. Co., Superior Court, judicial district of Stamford, Docket No. 164867 (June 15, 1999, Karazin,J.) (motion to strike granted on ground allegation that upon information and belief defendant maintained general business practice of denying its insureds' fire damage claim is conclusory); Jones v. Safeco Ins. Co., CT Page 5649 Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357614 (April 28, 1999, Melville, J.) (motion to strike granted on ground gravamen of complaint was that the defendant unfairly failed to settle plaintiff's claim alone; allegation using the "magic words" of CUIPA that such conduct is a "general business practice" is mere conclusion); Saint Francis Hospital Medical Center v. DeCaro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705814 (December 9, 1996, Wagner, J.) (motion to strike granted on ground allegations of misconduct as to handling of plaintiff's claim does not rise to level of general business practice).
The plaintiff's allegations in count three are legally insufficient to allege a CUTPA violation based on a CUIPA violation. Peerless' motion for summary judgment as to count three is granted.
In its objection and cross-motion for summary judgment, the plaintiff argues that the issue in this case is the definition of "employee" in the insurance policy. The plaintiff argues that the plaintiff's brother is the sole person authorized to use the backhoe and is compensated for his services by use of the backhoe for his personal use. (Peerless' Memorandum, Exhibit C, Plaintiff's Deposition, pp. 22-23.) The plaintiff argues that his brother is therefore an employee. The plaintiff further argues that since the term "employee" is not defined in the insurance policy, it is an ambiguous term which should be construed against the drafter of the policy, to wit: Peerless. The plaintiff argues therefore, summary judgment on count one is appropriate in its favor, not Peerless' favor.
The evidence is conflicting as to whether or not the plaintiff's brother is an employee. The plaintiff stated in his deposition that his brother was "not quite" an employee, that "[h]e wasn't a payroll employee," and that the plaintiff did not give the brother a W-2. (Peerless' Memorandum, Exhibit C, Plaintiff's Deposition, pp. 22-23.) In his affidavit, however, the plaintiff attests that the brother "was employed by Pools By Al to operate the backhoe" and that when he said during his deposition that the brother was not an employee, he "was referring to the employees carried on the payroll." (Plaintiff's Memorandum, Exhibit F, Affidavit.) This issue is a genuine issue of material fact.
The plaintiff's motion for summary judgment as to count one is denied.
 III FRAZAO'S MOTION FOR SUMMARY JUDGMENT CT Page 5650
In its motion for summary judgment, Frazao argues that summary judgment in its favor is warranted because, absent a specific request for a particular type of coverage, an insurance agent/broker is not liable to an insured for any failure to procure coverage. In its objection to Frazao's motion, the plaintiff argues that Frazao owed a duty of care to the plaintiff in procuring insurance for the plaintiff's backhoe. The plaintiff argues that Frazao "was aware that [the plaintiff's brother] was the only person qualified and authorized to use the equipment being insured, whether on behalf of Pools by Al, Inc., or otherwise. . . . Aware of this fact, and knowing that his expertise was being relied upon by [the plaintiff], it was incumbent upon Frazao, as a professional procurer of insurance coverage, to ensure that the policy did not contain an exclusion which might render the coverage meaningless, given the known uses of the backhoe in question." (Plaintiff's Memorandum, pp. 7-8.) The plaintiff cites to his deposition as evidence.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24. Frazao cites to the plaintiff's deposition as evidence that the plaintiff did not tell him of the brother's use, but this evidence is conflicting. The plaintiff states that he does not recall advising Frazao that the brother was going to use the backhoe on other jobs, but that the brother was going to be the only operator of the machine for whatever the backhoe was going to be used. (Plaintiff's Memorandum, Exhibit A, Plaintiff's Deposition, p. 42.) Frazao's affidavit does not establish that he did not know of the brother's use. Because the evidence submitted does not establish the absence of a genuine issue of material fact, Frazao has not met his burden.
Frazao also argues that receipt of the insurance policy from Peerless bars any recovery against the insurance agent or broker who procured the policy. The court disagrees. "An insurance agent has the duty to exercise reasonable skill, care and diligence to see that his client has proper coverage. . . . Where be undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed." (Citations omitted; internal quotation marks omitted.) Dimeo v. Burns,Brooks McNeil, Inc., 6 Conn. App. 241, 244, 504 A.2d 557, cert. denied,199 Conn. 805, 508 A.2d 31 (1986).
Frazao also argues that the insurance policy does cover the loss of the backhoe and, therefore, recovery against the insurance agent or broker is barred. Coverage depends upon whether the brother is an CT Page 5651 "employee" within the meaning of the insurance policy, which is a disputed issue of fact. Frazao has not met his burden.
Frazao's motion for summary judgment is denied.
 IV YAZLUK'S MOTION FOR SUMMARY JUDGMENT
In its motion for summary judgment, Yazluk argues that summary judgment in its favor is warranted because "it was merely a conduit to procure insurance at the request of [the defendant] Victor Frazao." (Yazluk's Memorandum, p. 3.) Yazluk attests that he never spoke with the plaintiff and that he never gave any advice to the plaintiff. (Yazluk's Affidavit, ¶¶ 3-4.) In its objection to Yazluk's motion, the plaintiff argues that Yazluk, as the insurance agent, must exercise reasonable skill, care and diligence in procuring insurance. The plaintiff argues that "as an authorized agent of Peerless Insurance Co., [Yazluk] owed a duty to the plaintiff to procure its insurance in a non-negligent manner." (Plaintiff's Memorandum, p. 5.) The plaintiff argues that once there is a duty, a breach of that duty is a question of fact for the jury. Yazluk, in its reply to the plaintiff's objection, argues that it merely served as an order taker and had no contact with the plaintiff.
"An insurance agent is a person expressly or impliedly authorized to represent an insurance company in its dealings with third persons. . . . An insurance broker is one who acts as a middleman between the insured and insurer and who solicits insurance from the public under no employment from any special company and who either places an order for insurance with a company selected by the insured, or, in the absence of such selection, with a company the broker selects." (Citations omitted; internal quotation marks omitted.) Lewis v. Michigan Millers Mutual Ins.Co., 154 Conn. 660, 664, 228 A.2d 803 (1967). "[A] broker becomes the agent of that person for that purpose." Id. "As such he owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss. . . . Where he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed, and he may be held liable for loss properly attributable to his default. The principal may sue either for breach of the contract or in tort for breach of duty imposed by it." (Citations omitted.) Ursini v. Goldman, 118 Conn. 554, 559-60, 173 A. 789
(1934). CT Page 5652
The duty to exercise reasonable skill, care and diligence applies not only to insurance brokers but to insurance agents as well. "An insurance agent has the duty to exercise reasonable skill, card and diligence to see that his client has proper coverage. . . . Where he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed. . . ." (Citations omitted; internal quotation marks omitted.) Dimeo v. Burns, Brooks McNeil, Inc., supra, 6 Conn. App. 244. "An action against an insurance agent for failure to obtain insurance may be brought under a theory of either negligence or breach of contract."Rametta v. Stella, 214 Conn. 484, 489, 572 A.2d 978 (1990).
Assuming, arguendo, that Yazluk merely served as an order taker, it had a duty to do so in a nonnegligent manner. "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at band . . ." (Citation omitted; internal quotation marks omitted.) Mendillo v. Board of Education, 246 Conn. 456,483, 717 A.2d 1177 (1998). Whether the duty was breached is a genuine issue of material fact. Id. Yazluk does not submit any evidence to indicate that he was never told or that he otherwise lacked knowledge that the plaintiff's brother would use the backhoe for purposes outside of the plaintiff's business. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., supra,248 Conn. 24. The evidence submitted does not establish the absence of a genuine issue of material fact, so Yazluk has not met his burden.
Yazluk's motion for summary judgment is denied.
Peerless' motion for summary judgment on counts one and two is denied. Its motion for summary judgment on count three is granted. The plaintiff's cross-motion for summary judgment on count one is denied. Frazao's motion for summary judgment is denied. Yazluk's motion for summary judgment is denied.
GROGINS, J.